IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FANIQUE BURNELL, | ) | Civil No. 26-00046 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO |
| vs. | ) | (1) DISMISS COMPLAINT WITH |
| | ) | LEAVE TO AMEND AND |
| BEVERLY A. TIMINSKI and | ) | (2) DENY APPLICATION TO |
| MICHAEL T. ROBINSON, | ) | PROCEED IN DISTRICT COURT |
| | ) | WITHOUT PREPAYING FEES OR |
| Defendants. | ) | COSTS |
| | ) | |

FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT
WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On February 2, 2026, Plaintiff Fanique Burnell[1] ("Plaintiff") filed a

Complaint for a Civil Case ("Complaint") against Beverly A. Timinski and

Michael T. Robinson (collectively, "Defendants").  ECF No. 1.  On February 6,

2026, Plaintiff filed an Application to Proceed in District Court Without Prepaying

Fees or Costs ("IFP Application").  ECF No. 9.

For the reasons set forth below, the Court FINDS AND RECOMMENDS

that the district court DISMISS Plaintiff's Complaint WITH LEAVE TO AMEND.

---

[1] The docket reflects two spellings of Plaintiff's last name:  Burnell and Burrell.
Plaintiff uses both spellings in his filing on February 12, 2026.  ECF No. 12.
Notwithstanding, the Court will use the spelling as it appears in the case caption in
the complaint:  Burnell.

The Court also RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's IFP Application.

## DISCUSSION

### I.   Screening of the Complaint

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claim it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Because Plaintiff is appearing pro se, the Court liberally construes the Complaint.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  The Court, however, cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

2

The Court has carefully reviewed the allegations in the Complaint. Plaintiff does not assert any specific claims in the Complaint. As best the Court can glean from the allegations in the Complaint, Plaintiff believed that he agreed to purchase the property located at 91-2220 Kaiwawalo Street, Unit 11-1105, Ewa Beach, Hawaii, 96706. *See* ECF No. 1. Plaintiff alleges that, despite Defendants providing a "receipt of purchase of [the] property," Defendants are still "holding" the property. *See id.* at 4. Plaintiff now seeks possession of the property. *Id.*

Plaintiff asserts that the basis for subject-matter jurisdiction is federal question. *Id.* at 3. Plaintiff asserts that the provision of the Constitution at issue is Article 1, Section 10: Right to Contract. *Id.* To the extent that Plaintiff is alleging that the basis for subject-matter jurisdiction is Defendants' purported violation of Plaintiff's constitutional rights under the Contracts Clause, the Court finds that the Complaint fails to state a claim for relief under federal law.

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of

3

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8.  *Id.* at 679.

The Court finds that Plaintiff's allegations are not sufficient to state a plausible claim for violation of Plaintiff's constitutional rights.  The Contracts Clause of the United States Constitution provides that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts."  *Sveen v. Melin*, 584 U.S. 811, 818 (2018) (citing U.S. Const., Art. I, § 10, cl. 1).  The Supreme Court has stated that "[t]he Contracts Clause restricts the power of States to disrupt contractual arrangements." *Id.*  Because Plaintiff alleges only a dispute between private parties and does not identify any state actor or law that impairs the obligation of a contract, Defendants' alleged misconduct does not implicate the Contracts Clause. The Court thus finds that the Complaint fails to state a claim for relief under federal law.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). At this early screening stage of the case, and without the benefit of additional factual allegations and arguments from the parties, the Court cannot say that it is "absolutely clear" that no amendment can cure the defects identified in this Order. The Court thus finds and recommends that the district court dismiss Plaintiff's Complaint with leave to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the Court reminds Plaintiff that the complaint must comply with Federal Rule of Civil Procedure 8. Plaintiff must, among other things, write short, plain statements telling the court the treaty, constitutional right, or statutory right Plaintiff believes Defendants violated and how the action or inaction of Defendants is connected to the violation of Plaintiff's rights. Although Rule 8 does not require detailed factual allegations, at a minimum, the complaint must allege enough specific facts to provide "fair notice" of the claim being asserted and "the grounds upon which [the claim] rests." *Twombly*, 550 U.S. 544, 555 & n.3 (citation omitted); *see also Iqbal*, 556 U.S. at

678 (observing that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

II.   IFP Application

Because the Court finds and recommends that the district court dismiss Plaintiff's Complaint, the Court recommends that the district court deny Plaintiff's IFP Application at this time.  The Court further recommends, however, that the district court grant Plaintiff leave to file another application if he chooses to file an amended complaint.  If Plaintiff files another application to proceed in district court without prepaying fees or costs, the Court reminds Plaintiff to submit a completed application with all the information requested on the form.  The Court notes that in the IFP Application, Plaintiff did not provide his employer's name and address and the amount, if any, he contributes to the support of his son. Plaintiff also did not indicate sufficient information regarding the trust lien, such as to whom the trust lien is payable, the amount Plaintiff pays to the trust lien, and with what frequency he makes payments.

//

//

//

//

//

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1.    DISMISS the Complaint WITH LEAVE TO FILE AN AMENDED COMPLAINT curing the deficiencies identified in this Order, no later than 30 days from an order adopting this Findings and Recommendation; and

2.    DENY the IFP Application (ECF No. 9) with leave to file another application if Plaintiff chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 9, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Burnell v. Timinski, et al.*, Civil No. 26-00046 HG-KJM; Findings and Recommendation to (1) Dismiss Complaint With Leave to Amend and (2) Deny Application to Proceed in District Court Without Prepaying Fees or Costs